# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION FOR CORPORATE GROWTH, INC., an Illinois Not-for-Profit Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM G. WEBSTER, JR., an individual, MARY LYNN WEBSTER, an individual, ACCESS TO GROWTH CAPITAL/A2GC, and WGW CAPITAL, LLC, a California Limited Liability Company,<br><br>    Defendants. | Case No.: 2:19-cv-09440-CBM-PLA<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION [JS-6]**<br><br>The Honorable Consuelo B. Marshall<br>Magistrate Judge Paul L. Abrams |

This Stipulated Consent Judgment and Permanent Injunction is entered into by and between Plaintiff, Association for Corporate Growth, Inc., and Defendants, William G. Webster, Jr., Mary Lynn Webster, Access to Growth Capital / A2GC, and WGW Capital, LLC, subject to approval by the Court.

Upon consent and agreement of the parties, as evidenced by the signatures of their counsel hereto,

It is HEREBY STIPULATED, ORDERED, and ADJUDGED that:

1. This is an action alleging federal trademark infringement, federal unfair competition and false association, federal dilution of famous marks, federal anti-cybersquatting, common law trademark infringement, trademark infringement and unfair competition under California state law, breach of fiduciary duty, and intentional interference with prospective business relations.

2. The Court has jurisdiction based upon 28 U.S.C. § 1338(a) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), 15 U.S.C. §1121 (Lanham Act), and 28 U.S.C. §§ 1338(b) and 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

3. The parties represent that they have entered into an agreement resolving this action.

4. The Court permanently enjoins the Defendants from the use of A2GC, Access to Growth Capital, Private Equity Showcase, Dealsource or any other name, mark or designation that is confusingly similar to, or a colorable imitation of, Association for Corporate Growth, ASSOCIATION FOR CORPORATE GROWTH, ACG, PRIVATE EQUITY SHOWCASE, ACG DEALSOURCE, or DEALSOURCE, to identify the Defendants, or any products, services, activities,

events, businesses, entities, fictious business names, websites, email addresses, domain names, social media accounts, goods or services.

5. The Court permanently enjoins the Defendants from using or making any refence to A2GC, Access to Growth Capital, Private Equity Showcase, Dealsource or any other name, mark or designation that is confusingly similar to, or a colorable imitation of, Association for Corporate Growth, ASSOCIATION FOR CORPORATE GROWTH, ACG, PRIVATE EQUITY SHOWCASE, ACG DEALSOURCE, or DEALSOURCE, on any social media accounts, including but not limited to, Linkedin, Facebook, and Instagram except to the extent that Defendants list Association for Corporate Growth as a place where they worked on social media profiles.

6. The Court permanently enjoins Defendants from using any word, term, name or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association, with ACG or any of its chapters, or as to origin, sponsorship, or approval of the goods, services, or commercial activities by ACG or any of its chapters.

7. The Court permanently enjoins the Defendants from use of access2gc.com and peshowcase.com and Orders the Defendants to convey the domain name registration for those domain names to Association for Corporate Growth, Inc. immediately.

8. The Court permanently enjoins the Defendants from use of bill@access2gc.com, marylynn@access2gc.com, marylynn@peshowcase.com, bill@peshowcase.com and all other email addresses and accounts hosted at the domains @access2gc.com and @peshowcase.com and Orders the Defendants to

convey those domain names and those email addresses to Association for Corporate Growth, Inc.

9. The Court permanently enjoins the Defendants from making any use whatsoever of any membership or sponsor lists or contact information for ACG members or sponsors that were obtained from Association for Corporate Growth, Inc. or any of its chapters.

10. The Court permanently enjoins the Defendants from providing any proprietary information, including but not limited to membership or sponsor lists or contact information for ACG members or sponsors, that was obtained from Association for Corporate Growth, Inc. or any of its chapters, to any third party.

11. The Court retains jurisdiction over the parties for enforcement of the Permanent Injunction and any other dispute arising under the Parties' Settlement Agreement.

12. The Complaint is hereby dismissed without prejudice.

13. FUTURE CLAIMS UNAFFECTED. Nothing in this Permanent Injunction precludes ACG from asserting any claims or rights that arise after the entry of this Permanent Injunction, or that are based upon any breach of, or the inaccuracy of, any representation of warranty made by the Defendants in this Permanent Injunction or the Parties' Settlement Agreement.

14. SURVIVAL. This Permanent Injunction shall bind the Defendants and their officers, directors, agents, servants, employees, partners, members, managers, representatives, shareholders, corporate affiliates, successors, assignees, and any person or entity acting at their direction or on their behalf.

15. CONTINUING JURISDICTION. This Court expressly retains jurisdiction over this matter to enforce this Consent Judgement and Permanent Injunction and the terms of the Parties' Settlement Agreement.

16. The Clerk is hereby ordered to enter judgment dismissing this action without prejudice and incorporating the permanent injunction of paragraphs 4-10.

IT IS SO ORDERED:

Date: AUGUST 7, 2020

_____
Honorable Consuelo B. Marshall
UNITED STATES DISTRICT JUDGE